IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| REAGAN JAMES CALDWELL | § | |
| VS. | § | CIVIL ACTION NO. 1:06-CV-665 |
| GROVER HAYNES, JR., ET AL. | § | |

MEMORANDUM OPINION

Plaintiff Reagan James Caldwell, an inmate confined in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Grover Haynes, Jr. and Shavonne Barideaux.

The parties consented to have the undersigned United States magistrate judge conduct any and all further proceedings in the case and order the entry of a final judgment. *See* 28 U.S.C. § 636(c).

Defendants have filed a motion for summary judgment. This Memorandum Opinion considers the merits of the motion.

Factual Background

Plaintiff alleges that he was assaulted by two gang members on February 14, 2005. Plaintiff alleges that defendants Haynes and Barideaux allowed the assault to take place. Plaintiff also alleges that defendant Haynes allowed one of the inmates to leave his assigned area to assist the other inmate assault plaintiff. Plaintiff alleges the assault lasted 20-30 minutes. Plaintiff alleges the defendants were present during the entire assault, but did not intervene on his behalf. As a result of the assault, plaintiff alleges he suffered injuries to his head and shoulder, his lip was split, and he has ongoing psychological issues.

## Defendants' Motion for Summary Judgment

Defendants contend that plaintiff is not entitled to damages because his injuries were *de minimis*. Defendants contend they were not deliberately indifferent to plaintiff's safety because they were not aware that he was in danger. Finally, the defendants assert they are entitled to qualified immunity.

## Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. PRO. 56(c). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech Marine & Offshore v. International Shipping Partners*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

The party seeking summary judgment bears the initial burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003).

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier,* 789 F.2d 307 (5th Cir. 1986). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (*quoting Murrell v. Bennett,* 615 F.2d 306, 311 (5th Cir. 1980)).

Analysis

*Compensatory Damages*

Title 42 U.S.C. § 1997e(e) bars a prisoner from recovering damages for emotional injuries unless the prisoner also suffered a physical injury. *See Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) (holding that Section 1997e(e) applies to all civil actions in which a prisoner alleges a constitutional violation). The statute provides as follows: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." In interpreting the statute, the Fifth Circuit has said that the physical injury must be more than *de minimis*, but need not be serious. *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir.1997) (holding that the Eighth Amendment standard applies when determining whether a prisoner has sustained a physical injury which would support a claim for mental or emotional suffering).

Plaintiff asserts, under penalty of perjury, that he suffered shoulder and head injuries, migraine headaches, and a cut lip as a result of the assault. Accepting plaintiff's statements as true, his injuries are not *de minimis*. Therefore, if plaintiff prevails at trial, he could recover compensatory damages.

3

*Qualified Immunity*

The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ). Federal courts use a two-step test to determine whether the defendants are entitled to qualified immunity. *Freeman v. Texas Dep't of Criminal Justice*, 369 F.3d 854, 863 (5th Cir. 2004). First, the Court must determine whether plaintiff's allegations, if true, establish a constitutional violation. *Hope*, 536 U.S. 736; *Freeman*, 369 F.3d at 863. Then, if a constitutional right was violated, the Court must decide whether the right was clearly established at the time of the violation. *Freeman*, 369 F.3d at 863. "For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent.'" *Hope*, 536 U.S. at 739 (*quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987), internal citations omitted*).

*Failure to Protect*

The conditions of a prisoner's confinement and the treatment he receives in prison are subject to scrutiny under the Eighth Amendment. *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003). The Eighth Amendment imposes on prison officials a duty to protect prisoners from other inmates. *Id*. However, prison officials are not expected to prevent all violence between inmates. *Id*. To establish a failure to protect claim, a prisoner must prove that he is incarcerated under conditions posing a

substantial risk of serious harm and that the prison officials were deliberately indifferent to his need for protection. *Horton v. Cockrell*, 70 F.3d 397, 401 (5th Cir. 1995) (*citing Farmer v. Brennan*, 511 U.S. 825 (1994) ). A prison official cannot be found liable under the Eighth Amendment unless the official knows of and disregards an excessive risk to an inmate's health or safety. *Adames*, 331 F.3d at 512. The official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw that inference. *Farmer,* 511 U.S. at 840-41.

Defendant Barideaux contends that she was not present during the attack. Defendant Haynes contends that he was present, but he believed the inmates were "horseplaying." Neither defendant offered any competent summary judgment evidence, such as an affidavit, to support their assertions. Even if the defendants had offered evidentiary support for their assertions, the court is required to accept plaintiff's version of the events at this stage in the proceedings. Plaintiff's competent summary judgment evidence reflects that both defendants were present during the attack, which lasted for twenty to thirty minutes, but failed to intervene. Given the severity and length of the attack as described by plaintiff, a fact-finder could find that both defendants were aware that plaintiff was in danger, and disregarded the risk. Thus, there is a genuine issue of material fact that must be resolved at trial.

Plaintiff has alleged a violation of his clearly established Eighth Amendment right to be free from cruel and unusual punishment. The court must now move to the second part of the qualified immunity analysis and determine whether the defendants' conduct was objectively reasonable.

Defendants' conduct is not protected by qualified immunity if, in light of preexisting law, it was apparent at the time of the incident that their actions violated plaintiff's constitutional rights.

As discussed above, when the facts are viewed in the light most favorable to plaintiff, a jury could find that the defendants failed to protect plaintiff from an attack. It was apparent at the time of the incident that such behavior violates the Eighth Amendment. Therefore, defendants are not entitled to qualified immunity.

## Conclusion

Defendants' motion for summary judgment should be denied. An order denying the motion will be entered in accordance with this Memorandum Opinion.

**SIGNED** this __25__ day of _____March_____, 2009.

_____
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE